UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| QUINTON LEE JENNINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-00459-JPH-MG |
| ) | |
| DALTON Aramark Supervisor Employee, ) | |
| ) | |
| Defendant. ) | |

**ORDER SCREENING AMENDED COMPLAINT**

Quinton Jennings alleges that he suffered serious burns while working in the kitchen at Pendleton Correctional Facility (PCF) in November 2021. Because Mr. Jennings is a prisoner, the Court must screen his amended complaint under 28 U.S.C. § 1915A.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Jennings sues seven defendants for damages under the Eighth and Fourteenth Amendments and Indiana tort law. Dkt. 52. Aramark Correctional Services contracted to provide food service to PCF inmates. *Id.* at 12. Dalton Albrecht was employed by Aramark and served as Mr. Jennings' supervisor in the kitchen. *Id.* at 6. Aramark also employed Brandon Miller as food-service director, Debra Hall as assistant director, and Todd Neal as an additional supervisor at PCF. *Id.* Amanda Coopland was Aramark's district manager for the area including PCF. *Id.* at 12. The Indiana Department of Correction (IDOC) employed Christina Conyers as a grievance specialist at PCF. *Id.* at 13.

Mr. Jennings bases his claims on the following allegations, which the Court accepts as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

On November 16, 2021, Mr. Jennings was working in the kitchen under Mr. Albrecht's supervision. *Id.* at 8. Mr. Albrecht allowed grits to be spooned onto meal trays without checking their temperature. *Id.* at 6–7. They were too hot and too watery. *Id.*

Mr. Albrecht ordered Mr. Jennings to stack meal trays on a cart to an unsafe height, knowing the proper preparation procedures were not followed.

2

*Id.* A tray fell onto Mr. Jennings' face and burned his face and eyes. He suffered permanent eye damage and scarring. *Id.*

In the week before this incident, Mr. Jennings and other inmate kitchen workers "verbally informed" Defendants Neal, Hall, and Miller of "complaints" about Mr. Albrecht and (and perhaps other Aramark employees) "cutting corners" so they could receive monetary bonuses for returning unused food. They took no action. *Id.* at 6.

Between December 2021 and January 2022, Mr. Jennings submitted grievances regarding the incident and unsafe conditions in the kitchen, and Ms. Conyers did not log or investigate them. *Id.* at 13.

### III. Discussion of Claims

The action **will proceed** with an Eighth Amendment claim (pursuant to 42 U.S.C. § 1983) and Indiana negligence claims against Mr. Albrecht and Aramark. All other claims are **dismissed** for the following reasons.

#### A. Eighth Amendment Claims: Defendants Coopland, Miller, Hall, and Neal

"Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted).

Mr. Jennings does not allege that any defendant but Mr. Albrecht was directly, personally involved in or responsible for the incident that produced his serious burns. Accordingly, these defendants can only be liable under the Eighth Amendment if they knew Mr. Jennings faced a serious, preventable hazard and were deliberately indifferent to the risks that flowed from it.

"Prisons are not required to provide a maximally safe environment, but they must address easily preventable, observed hazards that pose a significant risk of severe harm to inmates." *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016) (cleaned up). A prison official "violates the Eighth Amendment upon exhibiting 'deliberate indifference to a substantial risk of serious harm to an inmate.'" *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). "A prisoner challenging conditions of confinement must first show that the conditions were sufficiently serious as an objective matter, meaning that they" created "an excessive risk to the inmate's health and safety." *Id.* (cleaned up).

No allegation in the amended complaint supports a reasonable inference that Defendants Coopland, Miller, Hall, or Neal knew Mr. Jennings faced a substantial risk of serious harm working under Mr. Albrecht's supervision. Mr. Jennings alleges that he and other inmates informed the defendants that Mr. Albrecht and others were "cutting corners" so they could receive monetary bonuses for returning unused food. These allegations do not support a reasonable inference that the defendants knew or should have known that Mr. Albrecht and others were implementing food preparation practices and issuing

4

directions that were objectively exposing inmates to heightened risks of injuries like serious burns. Eighth Amendment claims against these defendants fail to sate a claim upon which relief may be granted.

### B. Indiana Negligence Claims: Defendants Coopland, Miller, Hall, and Neal

Indiana negligence claims against Defendants Coopland, Miller, Hall, and Neal also fail as a matter of law. "The tort of negligence consists of three elements: 1) a duty owed to the plaintiff by the defendant; 2) a breach of that duty by the defendant; and, 3) injury to the plaintiff proximately caused by that breach." *Goldsberry v. Grubbs*, 672 N.E.2d 475, 477 (Ind. Ct. App. 1996). A plaintiff satisfies the element of probable cause by demonstrating that his injury was a "natural and probable consequence" that the defendant should reasonably have "foreseen or anticipated" in light of all the circumstances. *Id.* at 479.

No allegations in the amended complaint support a reasonable inference that any of the supervisory defendants should reasonably have foreseen that an inmate worker would probably be seriously burned due to the implementation of unsafe practices or the issuance of unsafe orders in the kitchen. Rather, Mr. Jennings alleges that he informed the defendants generally that the Aramark staff was cutting corners to reduce the amount of food used so they could become eligible for monetary bonuses. There is no connection between that warning and the injury Mr. Jennings ultimately suffered.

### C. Eighth Amendment Claims: Aramark

5

Although a private entity, Aramark acts under color of state law by contracting to provide essential services to inmates, so it is treated as a government entity for purposes of constitutional claims under 42 U.S.C. § 1983. See *Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010); *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002). To state a claim against Aramark, Mr. Jennings must allege that he suffered a constitutional deprivation as the result of a corporate policy, practice, or custom. See *Monell v. Dep't of Social Services*, 436 U.S. 658, 690–91 (1978); *Walker v. Wexford Health Sources*, 940 F.3d 954, 966 (7th Cir. 2019) ("Prevailing on [a *Monell*] claim requires evidence that a Wexford policy, practice, or custom caused" the constitutional violation alleged.").

Mr. Jennings alleges that he was injured because he stacked meal trays containing hot liquids too high at Mr. Albrecht's direction. He does not allege that Mr. Albrecht issued that direction pursuant to a corporate policy, practice, or custom, and he does not allege any other facts supporting a reasonable inference that he was injured by a corporate act or omission. Any Eighth Amendment claim against Aramark therefore fails as a matter of law.

D.   **Due Process Claims**

Mr. Jennings asserts claims under the Fourteenth Amendment and asserts that he was injured because Mr. Albrecht failed to "follow the cooking due process," or to follow the proper food- and kitchen-safety protocols. *See* dkt. 52 at 6–7. But prison officials do not violate the Constitution by failing to abide by their own, internal policies because such policies are "primarily

designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481–82 (1995). Whether Mr. Albrecht disregarded safety protocols may be relevant to whether an Eighth Amendment violation occurred, but no independent Fourteenth amendment claim can proceed on that basis.

### E.     Claims Against Ms. Conyers

Finally, claims against Ms. Conyers fail because she is accused only of responding unfavorably to grievances Mr. Jennings filed *after* he was injured. No allegation indicates that she played any role in managing the kitchen such that she had a duty to ensure Mr. Jennings' safety there or such that she could have been negligent with respect to unsafe practices or conditions. Further, she cannot be liable under the Eighth Amendment for failing to correct hazards she did not know about or for failing to respond favorably to Mr. Jennings' grievances after the fact. *George v. Smith*, 507 F.3d 605, 609–610 (7th Cir. 2007) ("A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

### IV. Conclusion and Further Proceedings

The action **will proceed** with an Eighth Amendment claim (pursuant to 42 U.S.C. § 1983) and Indiana negligence claims against Mr. Albrecht and Aramark. All other claims are **dismissed** for the reasons discussed in Part III.


The **clerk is directed** to (a) add Aramark Correctional Services, LLC, as a defendant on the docket, and (b) change "Dalton" to "Dalton Albrecht" on the docket.

Mr. Albrecht will answer the amended complaint **within 21 days**. The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the Aramark in the manner specified by Rule 4(d). Process will consist of the amended complaint (dkt. [52]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

The deadlines at dkt. 44 remain in effect until adjusted by a subsequent order of the Court.

**SO ORDERED.**

Date: 12/2/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

QUINTON LEE JENNINGS
121974
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Aramark Correctional Services, LLC
c/o Registered Agent
CT Corporation System
334 N. Senate Ave.
Indianapolis, IN 46204